# IN THE COURT OF APPEALS OF IOWA

No. 23-0945
Filed July 24, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DERONTA MICHAEL JAMISON JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.


        Defendant appeals his sentence following his guilty plea to second-degree

robbery.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Deronta Jamison Jr. appeals his sentence following his guilty plea to second-degree robbery. We conclude Jamison was not entitled to an individualized hearing to consider the factors associated with juvenile offenders because no minimum sentence was imposed. We also determine the court did not abuse its discretion in sentencing Jamison to a term of imprisonment. Accordingly, we affirm Jamison's sentence.

## I.      Background Facts & Proceedings

In October 2022, when Jamison was seventeen years old, he and an associate went into a store in Davenport wearing masks. One of the two produced a handgun and demanded all the money from the cash register. They also took several game consoles. Photographs of some of the stolen property were found on Jamison's phone, as well as evidence that he attempted to sell the game consoles.

The State charged Jamison with robbery in the first degree. He entered into a plea agreement where he agreed to plead guilty to the lesser-included offense of second-degree robbery, in violation of Iowa Code section 711.3 (2022). This was an open plea, and the parties were free to make any recommendation at sentencing. Jamison admitted the minutes of testimony were true and correct. The court accepted Jamison's guilty plea.

The presentence investigation report (PSI) noted that Jamison was on probation in Illinois at the time of the offense.[1] About the current offense, Jamison

---

[1] Jamison had a juvenile adjudication in Illinois and was placed on probation there.

stated, "I was feeling desperate for money. I went in GameStop and threatened the cashier. I took the money and I ran." The PSI recommended incarceration, stating that on assessment, "[t]he defendant scored in the moderate category for future violence and the moderate/high category for future victimization."

At the sentencing hearing, held on May 31, 2023, the district court stated, "Because of the fact that Mr. Jamison was seventeen at the time of this offense, mandatory incarceration is not required, and in addition, the mandatory minimum could not be imposed without an independent *Miller*[2] factors hearing." The plea agreement recited that the State would cap its minimum prison sentence request at five years. But at the sentencing hearing, the State informed the court that it was not intending to seek a mandatory minimum sentence and would forgo a *Miller* factors hearing. Based on this concession, a separate *Miller* hearing was not conducted.

The State recommended "a ten-year indeterminate sentence with no mandatory minimum." Defense counsel recommended a deferred judgment and probation. The court sentenced Jamison to a term of imprisonment not to exceed ten years. Jamison now appeals his sentence for the offense of second-degree robbery.[3]

---

[2] In *Miller v. Alabama*, the United States Supreme Court ruled the Eighth Amendment prohibited a sentence of life in prison without the possibility of parole for children. 567 U.S. 460, 479 (2012).

[3] Under Iowa Code section 814.6(1)(a)(3), a defendant who pleads guilty is generally barred from appealing absent good cause. *State v. Luke*, 4 N.W.3d 450, 455 n.2 (Iowa 2024). "[T]he good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain." *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020). Jamison is appealing his sentence and has therefore demonstrated good cause to appeal.

## II.     Sentencing

**A.**     Jamison contends the district court should have held a hearing on the *Miller* factors.  A court must hold "an individualized sentencing hearing if it is contemplating imposing a mandatory minimum sentence on a juvenile offender." *State v. Majors*, 940 N.W.2d 372, 386 (Iowa 2020).  He claims the court's failure to conduct such a hearing was unconstitutional.  *See State v. Lyle*, 854 N.W.2d 378, 402 (Iowa 2014) (finding it is unconstitutional to sentence a juvenile offender to a mandatory prison sentence without the possibility of parole).  We review constitutional challenges to a sentence de novo.  *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013).

In *State v. Propps*, the Iowa Supreme Court held a juvenile defendant was not entitled to a *Miller* hearing where the sentence for a criminal offense has no mandatory minimum period of incarceration and the defendant is immediately eligible for parole.  897 N.W.2d 91, 101 (Iowa 2017).  The court stated:

> Completely eliminating the mandatory imposition of a prison term, even when the term is indeterminate and the individual is immediately eligible for parole, would not serve the proportionality concept we have addressed in our previous juvenile sentencing cases.  In those cases, we sought to eliminate the mandatory nature of mandatory minimums and sentences that were the functional equivalent of life without parole because those sentences did not offer juveniles a "meaningful opportunity" to demonstrate their rehabilitation before the parole board.  *See, e.g.*, *Lyle*, 854 N.W.2d at 402–03; [*State v.*] *Null*, 836 N.W.2d [41,] 75 [(Iowa 2013)]; [*State v.*] *Pearson*, 836 N.W.2d [88,] 97 [(Iowa 2013)]; *Ragland*, 836 N.W.2d at 121.  Our goal was not to excuse the behavior of juveniles, but rather to impose punishment in a way that was consistent with the lesser culpability and greater capacity for change of juvenile offenders.  *Lyle*, 854 N.W.2d at 398, 402–03; *Null*, 836 N.W.2d at 75 ("[W]hile youth is a mitigating factor in sentencing, it is not an excuse."). . . .
> This is in stark contrast to the situation presented here.  In this case, Propps was immediately eligible for parole and able to

demonstrate by his own actions his maturation and rehabilitation. When a one-size-fits-all mandatory minimum is imposed, an arbitrary amount of time spent in prison dictates when a juvenile will be released. *See, e.g.*, *Ragland*, 836 N.W.2d at 122. In contrast, when an indeterminate sentence is given that contains no mandatory minimum sentence and allows a juvenile to be immediately eligible for parole, the juvenile defendant's behavior in prison dictates when parole will be available—with the potential for immediate parole if rehabilitation, maturity, and reform have been demonstrated.

*Id.*

Jamison claims that the holding in *Propps* does not apply here because, under section 901.5(3), the court could have imposed a prison sentence with a mandatory minimum time of incarceration. He asserts that "unlike the juvenile defendant in *Propps*, Jamison was subjected to a potential mandatory minimum period of incarceration for the robbery in the second-degree charge when he entered his plea of guilty pursuant to the plea agreement." He contends that the court should have held an individualized sentencing hearing to consider the factors outlined in *Miller* and the relevant mitigating factors of youth.

We note first that while Jamison refers to the possibility of a mandatory minimum sentence, the applicable code section provides the sentencing court discretion as to whether to impose a determinate minimum period of incarceration. Had the district court imposed a minimum period of incarceration, it would have been a discretionary minimum, rather than a mandatory minimum sentence. *See State v. Howard*, No. 14-1549, 2016 WL 4051322, at *1 (Iowa Ct. App. July 27, 2015) (discussing and distinguishing *Lyle* from a "discretionary minimum").

In *State v. Crooks*, the district court could have imposed a minimum sentence, but it expressly declined to consider this possibility. 911 N.W.2d 153, 173 (Iowa 2018). The Iowa Supreme Court concluded, "Under *Propps*, no hearing

on the *Miller/Lyle* factors was required to sentence Crooks to prison with immediate eligibility for parole." *Id.*; *accord State v. Shade*, No. 17-1541, 2018 WL 3654856, at *2 (Iowa Ct. App. Aug. 1, 2018) ("More recently, the supreme court concluded the district court was not required to conduct a *Miller* hearing where the juvenile defendant could have been subject to a minimum sentence but where the district court declined to impose a minimum sentence." (citing *Crooks*, 911 N.W.2d at 173)). In *Shade*, "the district court declined to impose a minimum sentence and instead made the defendant immediately eligible for parole." 2018 WL 3654856, at *2.

We conclude Jamison was not entitled to a hearing on the *Miller* factors. At the start of the sentencing hearing, the State indicated it was not requesting that the court impose a minimum term of incarceration. The court then determined, "since the State is not putting on *Miller* factors evidence, that's not an issue." As in *Crooks* and *Shade*, because the court declined to impose a minimum sentence, no *Miller* hearing was required. *Crooks*, 911 N.W.2d at 173; *Shade*, 2018 WL 3654856, at *2.

**B.**    Jamison also contends the district court abused its discretion by sentencing him to a term of imprisonment. He claims the court should have considered the *Miller* factors when determining an appropriate sentence.[4] When a sentence is within statutory limits, we review the court's sentencing decision for

---

[4] The *Miller* factors consists of the age of the offender and the features of youthful behavior; the particular family and home environment that surround the youth; the circumstances relating to youth that may have played a role in the commission of the crime; the challenges for youthful offenders in navigating through the criminal process; and the possibility of rehabilitation and the capacity for change. 567 U.S. at 477–78.

an abuse of discretion. *Majors*, 940 N.W.2d at 385. "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 387 (citation omitted). Jamison has the burden to show the court abused its discretion. *See Crooks*, 911 N.W.2d at 171.

Although we have determined Jamison was not entitled to a hearing to consider the *Miller* factors, "a sentencing court is to consider any mitigating circumstances relating to a defendant," including "the circumstances of youth and, specifically, any applicable *Miller/Lyle* factors." *See id.* at 173 (citations omitted). Once the sentencing court declines to impose a minimum period of incarceration without parole, the *Miller/Lyle* factors remain relevant in considering the remaining sentencing options, along with all other mitigating and aggravating circumstances. Yet the court is not required to specifically examine and apply each factor on the record at this point. It considers all relevant factors in exercising its discretion to select the proper sentencing option. We may find an abuse of discretion "[i]f a sentencing court fails to consider a relevant factor that should have received significant weight." *Id.* "[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

The PSI recited Jamison's criminal history and facts concerning his childhood. The PSI also noted that Jamison was placed on probation for an offense only two months prior to the current offense.

At the sentencing hearing, the court stated:

The reasons for the sentence: I'm certainly cognizant of Mr. Jamison's age, but this was an extremely serious offense. Because of—because of the nature of the offense, his criminal history, for purposes of protection of the community, and because of the recommendation of the PSI author, those are the reasons the Court is imposing the sentence in this case.

The court considered Jamison's youth when imposing sentence along with other relevant sentencing factors. We find the court's decision was not "unreasonable or based on untenable grounds." *See Majors*, 940 N.W.2d at 387. Jamison participated in an armed robbery. "Robbery, especially armed robbery, requires the use of force and is 'so inherently dangerous' that participating in it as the principal or aider and abettor in the manner that [defendant] did carries with it an undeniable prospect of grave harm to the life of others." *State v. Harrison*, 914 N.W.2d 178, 196 (Iowa 2018) (citing *Conner v. State*, 362 N.W.2d 449, 456 (Iowa 1985)).

While the reasons stated by the district court are brief and do not specifically address the *Miller/Lyle* factors other than Jamison's age, the statement does not prevent appellate review. "A terse and succinct statement is sufficient provided that the brevity of the court's statement does not prevent appellate review of the exercise of the trial court's sentencing discretion." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

We conclude the district court did not abuse its discretion in sentencing Jamison to a term of imprisonment.

**AFFIRMED.**